United States District Court
Southern District of Texas
**ENTERED**
August 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC DEWAYNE McNEAL, (TDCJ #02317254) | § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| vs. | | CIVIL ACTION NO. H-23-2950 |
| GIB LEWIS PRISON UNIT, *et al.*, | | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Cedric McNeal, an inmate in the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ"), has filed a civil rights action under 42 U.S.C. § 1983, alleging that his prison grievances are being improperly handled by prison officials at the Gib Lewis Unit. (Dkt. 1). McNeal has neither paid the applicable filing fee nor filed a motion seeking to proceed *in forma pauperis*. Because McNeal is a prisoner seeking relief from the government, the Court is required to screen his complaint as soon as feasible after docketing. 28 U.S.C. § 1915A(a); *see also* 42 U.S.C. § 1997e(c) (providing for screening of suits by prisoners under § 1983). Based on the Court's screening, this action will be dismissed for the reasons explained below.

First, this action was filed in the incorrect district. The applicable federal

venue statute provides that a civil action may be brought only in one of the following: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ;" or (3) "if there is no district where the action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

McNeal filed this action in the Southern District of Texas. However, McNeal is currently incarcerated in the Gib Lewis Unit of TDCJ, and he alleges that this harm occurred there. (Dkt. 1). He also alleges that he suffered similar harm when he was at TDCJ's Bill Clements Unit. (*Id.* at 5). However, neither of these TDCJ units are located within the Southern District of Texas. The Gib Lewis Unit is in Tyler County, Texas, which is located within the Eastern District of Texas, Lufkin Division. *See* 28 U.S.C. § 124(c)(6). The Bill Clements Unit is in Potter County, Texas, which is located within the Northern District of Texas, Amarillo Division. *See* 28 U.S.C. § 124(a)(5). It appears from McNeal's complaint that none of the acts giving rise to the alleged civil rights violations occurred in the Southern District of Texas, nor are the TDCJ Units or their employees who would be defendants located within this District. Therefore, the Court concludes that McNeal's complaint was not properly filed in this district and so is subject to dismissal. *See Mayfield v.*

*Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

Second, while a district court has the authority to transfer a case to another district in which the action might have been brought, *see* 28 U.S.C. §§ 1404(a), 1406, this Court in its discretion determines that the transfer of McNeal's complaint to another judicial district would not be in the interest of justice because he is barred from proceeding with this action *in forma pauperis* by 28 U.S.C. § 1915(g).

As noted above, McNeal has not paid the filing fee applicable to civil rights complaints. And his action is governed by the Prison Litigation Reform Act ("PLRA"), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not proceed *in forma pauperis* in a civil action if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (noting that the three-strikes rule was enacted to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

Court records reflect that, while incarcerated, McNeal has filed more than three actions that have been dismissed by the federal courts as frivolous or for failure

to state a claim upon which relief could be granted. *See McNeal v. Tex. Bd. of Probation & Paroles, et al.,* Civil No. A-23-cv-502-DII (W.D. Tex. June 29, 2023); *McNeal v. State of Tex., et al.,* Civil No. A-23-cv-084-LY (W.D. Tex. Mar. 20, 2023); *McNeal v. Schaap, et al.,* Civil No. 2:22-cv-249 (N.D. Tex. Apr. 12, 2023); *McNeal v. Schaap, et al.,* Civil No. 2:23-cv-29 (N.D. Tex. Apr. 12, 2023); *McNeal v. Riley, et al.,* Civil No. 2:22-cv-85 (N.D. Tex. Apr. 12, 2023); *see also McNeal v. Director,* Civil No. 4:23-cv-2298 (S.D. Tex. June 29, 2023) (dismissing action as barred under § 1915(g)); *McNeal v. S. Perez et al.,* Civil No. 4:23-cv-2608 (S.D. Tex. July 25, 2023) (same); *McNeal v. S. Perez, et al.,* Civil No. 4:23-cv-2350 (S.D. Tex. July 26, 2023) (same). As a result, McNeal has incurred three strikes for purposes of the PLRA's three-strikes rule, and he is barred from proceeding with this civil action *in forma pauperis* unless the pleadings show that he is in imminent danger of serious physical injury. *See* § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

But McNeal's complaint contains no allegations that he is in imminent danger of serious physical injury, nor would the nature of his claims support such allegations. While McNeal makes ambiguous references to being targeted by the "Illuminati Satanic Secret Society Organization," these allegations are conclusory at best and have no connection to the claims he raises. *See Prescott v. UTMB Galveston Texas,* 73 F.4th 315, 321 (5th Cir. 2023) (requiring a prisoner to show a connection

4/ 6

or nexus between the alleged imminent danger and the allegations and claims in the underlying action to be entitled to relief under § 1915(g)'s imminent danger exception); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (permitting a district court to reject allegations of imminent danger that are "conclusory or ridiculous" (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003))). Having failed to satisfy the exception to the three-strikes bar, McNeal may not proceed *in forma pauperis* in this action, and his complaint is dismissed for failing to pay the applicable filing fee.

Third, even if McNeal satisfied the applicable fee requirements, his complaint would be dismissed because he fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A (requiring courts to screen prisoner complaints seeking relief against the government and dismiss those that fail to state a claim upon which relief can be granted). McNeal's sole claim is that prison grievances are being either improperly processed or not processed at all. But the Fifth Circuit has clearly held that an inmate does not have a federally protected interest in having prison grievances investigated and resolved to his satisfaction. *See, e.g., Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). And without such an interest, "any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Id.*; *see also Pratt v. Martinez*, No. 22-40274, 2023 WL 3818380, at *2 (5th Cir. June 5, 2023) (plaintiff's "dissatisfaction with timing of the

grievance procedures does not give rise to an actionable due process claim"). Because McNeal fails to allege a claim upon which relief can be granted, his complaint must be dismissed under 28 U.S.C. § 1915A(b)(1).

Accordingly, the Court **ORDERS** as follows:

1. Cedric Dewayne McNeal's action is **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted.

2. All other pending motions, if any, are **DENIED as MOOT**.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on ___Aug 18___, 2023.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE